COURT OF APPEALS, JUNE TERM, 1821.

QUEEN *vs.* THE STATE.

An indictment charging that the traverser "did assist a negro woman N, the slave of J. A, in eloping and running away from the said J. A, by accompanying her a considerable distance, and showing her the road by which she might escape, thereby depriving her master J A, of the services of said slave," is sufficiently laid under the act of 1796, *ch.* 67, s. 19.

For error apparent on the face of the record in such criminal cases, as are enumerated in the act of 1785, *ch.* 87, s. 6, there may be an appeal.

A bill of exceptions is not allowed in criminal cases.

A party cannot impeach the credit of his own witness.

APPEAL from a judgment in *Anne-Arundel* county court, in a *criminal prosecution.* The indictment charged, that the traverser "on the," &c. "did assist a negro woman named *Nelly,* the slave of a certain *James Anderson,* of," &c. "in eloping and running away from the said *James Anderson,* by accompanying her a considerable distance, and showing her the road by which she might escape, thereby depriving her master, the said *James Anderson,* of the service of the said negro slave, contrary to the form of the act of assembly in such case made and provided, and against the peace, government and dignity, of the state." The traverser pleaded not guilty; and at the trial a witness was produced on the part of the state, who proved, that on the night the negro left the service of her master, the witness and the traverser were together on their way to the house of one *A. L;* that in going they met with the slave mentioned in the indictment, and other slaves; that they accompanied them some distance, but did not sleep in the woods with them. After the examination of the said witness was closed, the district attorney, in behalf of the state, called another witness, and by her offered to prove, that the above witness had declared to her some time previously, that he did sleep in the woods with the said negroes. To this testimony the counsel for the traverser objected, and insisted, that as the said witness was produced by the state, any declarations which he had made out of

court, were not admissible testimony on the part of the state. June 1821

But the court, [*Chase*, Ch. J. and *Ridgely*, A. J.] were of opinion, that the testimony was admissible on the part of the state to impeach the credit of said witness, and permitted the evidence to be given. The traverser excepted. The jury having found the traverser guilty, his counsel moved the court in arrest of judgment—1. Because the act with which the traverser was charged was not forbidden by the law upon which the prosecution was grounded. And 2. Because of the want of certainty in the description of the offence. The county court overruled the motion, and rendered judgment upon the verdict against the traverser for the penalty prescribed by the act of 1796, *ch.* 67. From this judgment the traverser appealed to this court, where the case was argued before Buchanan, Earle, Johnson, Martin, and Dorsey, J.

Queen
vs
The State

*Magruder* and *T. B. Dorsey*, for the appellant, referred to the acts of 1796, *ch.* 67, *s.* 19, and 1785, *ch.* 87, *s.* 6. *Cumming vs. The State*, 1 *Harr. & Johns.* 840. The Stat. of *Westminster*, 2nd (13 *Edw.* I.) *ch.* 31. 1 *Bac. Ab.* tit. *Bills of Exceptions*, 528, and *note*. *Jacob's L. D.* tit. *Implead. Baker vs. The State*, decided in this court at June term, 1806. 1 *Phill. Evid.* 213, 215. *Bull. N. P.* 297. 3 *Bac. Ab.* tit. *Indictment*, 560, *(note;)* and *The King vs. Philipps*, 6 *East*, 464, 472, 473, 474.

*Williams*, (assistant attorney general,) and *Ridout*, (district attorney,) for the State, cited *Peake's Evid.* 135. *The State vs. Norris*, 1 *Hayw. Rep.* 439. 2 *Inst.* 427. 1 *Phill. Evid.* 213, 215. 1 *Chitty's C. L.* 622. 1 *Bac. Ab.* 528. *Tidd's Pr.* 786. *Willes's Rep.* 535, and note; and *McNally*, 325.

Martin, J. delivered the opinion of the court. The court are of opinion, that the indictment in this case is sufficient, and they affirm the judgment of the court below. This being a question of law apparent on the record, the party was authorised to appeal by the act of 1785, *ch.* 87, *s.* 6.

A bill of exceptions is not allowed in criminal cases, no such privilege was given by the common law, and the statute of *Wesminster* does not embrace it. It is evident from the language of that statute it was intended to apply to civil cases only.

JUNE 1821.

The act of 1785 does not give a bill of exceptions in the criminal cases therein enumerated. Before that act, if error appeared on the record, it could be carried to the court of appeals only by a writ of error; this was attended, in many cases, with expense and inconvenience, to remedy which, the legislature gave the party complaining an election to carry up the case either by writ of error or appeal, and this is the only effect of that act of assembly.

In the case of *Baker against The State of Maryland*, the propriety of allowing a bill of exceptions in a criminal case, was not considered by the court; it passed *sub silentio*, and therefore is not an authority in this case.

The question contained in the bill of exceptions is not regularly before the court, and they can only say, if a similar point had been presented to them, they would have given a different decision.

JUDGMENT AFFIRMED.