The opinion of the court was delivered by
Gibson, J.
There are a variety -of instances in which the acts of a party are held to be equivalent to an admission of facts; such as acting in an office or particular capacity, which will dispense with the necessity of strict proof that the party was regularly commissioned; taking a lease, which is an admission of the landlord’s title; and many others. A recital in a deed which, on the same principle, is evidence against the grantor, is nothing more than an affirmation of the fact recited; and I can see no reason why the affirmation of a fact in a judicial proceeding should not also be evidence of such fact, against the party affirming its existence. An allegation of a particular fact is an express admission of its existence, for we cannot suppose the party would have insisted on it, unless under a belief that what he alleged was true; and if he acted with bad faith he ought to take the consequences. The only difficulty in the way of the application of this principíelo the case before us, arises from the consideration of a bill in Chancery being incompetent as an admission of the facts alleged in it, against the complainant: but that is because it is notorious that the insertion of many of the facts, is ordinarily a mere device of counsel to extort an answer that may be’favourable in a particular aspect, and with reference to other parts of the cause; and such suggestions more resemble the cross-examination of a witness to circumstances known at the time to be destitute of foundation in fact, than the assertion of the existence of particular facts as a part of the complainant’s title to relief. The answer to a bill, is however, not only competent, but strong evidence of the facts disclosed, because each is supposed to be strictly relied on. Now here the letter of Casper Weitzel had been procured, and at a former trial given in evidence by the plaintiff, as containing facts undoubtedly true, and as those on which, among others, he relied for a recovery. Can it therefore be questioned that by the very act of giving it in evidence^ he admitted that every fact it contained was true? And if it cannot, is it not as little to be questioned .that his antagonist might use this admission against him as soon as the effect of those facts was ascertained to be different from what it was at first supposed to be? The competency of the letter as evidence on the part of the plaintiff might have been contested; but that can *196 not affect the question here: it was actually received and relied on, and that is sufficient to render it competent on the other side in a subsequent trial as prima facie evidence of the facts asserted in it. If the plaintiff were mistaken as to the truth of such assertion, he would be permitted to disprove it, and that is all he could reasonably require; but that the letter was competent and proper to go to the jury I have not the slightest doubt, and the judgment is therefore affirmed.
Judgment affirmed.
*197 C A,s E S IN THE SUPREME COURT OF PENNSYLVANIA. PITTSBURG DISTRICT — SEPTEMBER TERM, 1823,