## Stockton and Stokes *against* Demuth.

7 W　39<br>30 SC ³155

The declarations of an agent, whilst acting as such, and within the scope of his authority, are evidence against the principal.

A party will not be permitted to impeach the character or testimony of his own witness by other testimony necessarily tending to that effect, and for that purpose: but having called a witness, who disproves his case, he is not thereby precluded from resorting to other evidence to support it.

A party by calling and examining a witness, accredits him as competent and credible, and is estopped from averring the contrary.

ERROR to the common pleas of *York* county.

This was an action on the case by John Demuth, Jun., against Richard C. Stockton and William B. Stokes, proprietors of a line of stages, to recover the value of a package of goods delivered to their agent at York, to be carried to Baltimore, and which was lost. The plaintiff called Emanuel Erb, the defendant's agent, as a witness, who testified as follows:

"I was the agent of Stockton & Stokes on the 29th July 1834, and continued to be until June 1836. This is the stage-book kept at the office at that time; I made this entry under date '*July* 29, 1834. *Parcel for Todd; paid to B.*' This is the waybill of the same

day. The freight was paid by Mr Demuth himself (25 cents). *At the time these entries were made no package was brought.* Mr Demuth called the day before and paid, and said he would send a package for the morning stage; but I *have no recollection of his bringing or sending it.*

"I don't recollect seeing the package; the entry in the book I made the day before. I made out the waybill the next morning, after the arrival of the Harrisburg stage. We generally write on the bill what we have entered on the books. Sometimes we write 'not gone,' when it is not sent. Mr Demuth was not very regular about sending.

"I sometimes noted on the waybills that articles had not gone. Sometimes Mr Demuth put in bundles on the way, after the stage had started, and I did not know but this might be so. We frequently send bundles in the stage. This 25 cents was only to send the bundle to Baltimore. I think I had told Mr Demuth he had better pay on his packages as far as Baltimore."

The plaintiff subsequently offered in evidence the deposition of John Walls: which was objected to: 1st. Because it tended to contradict the testimony of Emanuel Erb, the plaintiff's own witness. 2d. Because the declarations of the agent, made after sending the parcel, are not evidence.

The court overruled the objections, and sealed a bill of exceptions. The deposition was read, as follows:

"The first that I know about it is, that Mr Erb told me that he had sent a bundle for Mr Demuth, with George Slate, to Baltimore, and he wanted me to look for it, for he expected Slate had lost it; he told me to ask in the stage office at Baltimore, and at Beltzhoover's. I asked Mr Scott, at the office, if such a bundle had come to hand, and he said he had seen nothing of it. Mr Scott is the clerk in the stage office at Baltimore." Question; Tell me when it was? "Two years ago, this summer, as near as I can tell. I met Slate on his way to Baltimore on the day that Mr Erb said the bundle was sent. Mr Erb said the bundle contained hats."

The defendants then called Emanuel Erb, the same witness who had been previously called and examined by the plaintiff. The plaintiff objected to his giving evidence for the defendants, on the ground that he was their special bail in the action. The defendant's counsel admitted the force of the objection, as a general principle, yet insisted that the plaintiff, having called the witness, was thereby estopped from objecting to his competency. But the court rejected the testimony offered, and the defendant excepted.

The several bills of exception were assigned for error, and argued by

*Fisher*, for plaintiff in error. On the subject of the admission of the deposition of John Walls, he cited, 1 *Stark. Ev.* 36 (*ed.* of 1836); 3 *Esp. Cas.* 264; 7 *Term Rep.* 665; 3 *Term Rep.* 454; 10 *Ves.* 127; 4 *Taunt.* 465; 4 *Camp.* 133; 3 *Term Rep.* 757; 2 *Camp.* 555.

*Mayer* and *Evans*, contra, whom the court requested to confine their argument to the second point; the rejection of Emanuel Erb as a witness. They cited, 1 *Stark. Ev.* 161, 162; 16 *Serg. & Rawle* 72; 17 *Serg. & Rawle* 99; 2 *Stark. Ev.* 581.

The opinion of the Court was delivered by

SERGEANT, J.—Two of the bills of exception in this case are now relied upon by the plaintiffs in error. The first is to the admission by the court below of the deposition of John Walls, taken on behalf of the plaintiff below. The defendants objected to it as hearsay, being the declaration of the agent made after sending the parcel. It is well settled that the declarations made by a person's agent, whilst acting as such, and within the scope of his authority, are evidence against the principal. Hannay *v.* Stewart, 6 *Watts* 487; Clark *v.* Baker, 2 *Whart.* 340. Erb himself had previously stated in his examination in court, that he was the agent of the defendants on the 29th July 1834, and continued to be so until June 1836. The declarations in question would seem to have been made shortly after the 29th July 1834, when the entry was made in the books, and related to the business of the stage company, in which Erb was then employed as their agent. This objection, therefore, is not tenable.

Another objection to the deposition was, that the declarations went to contradict the previous statement by Erb, in his examination. It seems to be a principle of law, that a party cannot discredit the testimony of his own witness, or show his incompetency: for it would be unfair that he should have the benefit of the testimony, if favourble, and be able to reject it, if the contrary. When, however, a party is under the necessity of calling a witness for the purpose of satisfying the formal proof which the law requires, he is not precluded from calling other witnesses who may give contradictory testimony; as in the case of Lowe *v.* Jolliffe, 1 *Black. Rep.* 365; where the subscribing witnesses to a will testified to the incapacity of the testator, yet the devisees were allowed to go into other evidence to support it. And even where a witness by surprise gives evidence against the party who calls him, that party will not be precluded from proving his case by other witnesses: for it would be contrary to justice that the treachery of a witness should exclude a party from establishing the truth by the aid of other testimony. Accordingly, where a plaintiff had called the servant of the defendant to prove a warranty of a horse, on which the action was founded, and the witness denied that he warranted the horse, the plaintiff was allowed to prove the fact by means of other witnesses. 2 *Camp.* 556; 1 *Stark. Ev.* 185. According to these principles a party may resort to other evidence to prove his case, though denied by the witness first called to support it. It would seem, however, that he cannot contradict his witness by adducing any act or declaration of the witness himself, of a contrary tenor: for when a witness, called for defendant to prove a partnership between him and the defendant, denied the fact, an answer made by the witness in chancery, in which he had stated the contrary, was

[Stockton & Stokes v. Demuth.]

not admissible, because its only effect could be to impeach the credibility of the witness, though it was competent to the defendant to prove the fact of partnership by other means. Ewer *v.* Ambrose, 3 *B. & C.* 746. The deposition of Walls would not be competent for the purpose of proving by Erb's declarations a fact which Erb in his previous testimony had denied, because it would go directly to impeach his veracity: but it would be admissible to establish a fact not stated by him. Erb, in his testimony, states that at the time of the entry in the book no package was brought to the office, and that *he had no recollection* of having sent it. His declarations, as contained in the deposition of Walls, are to the effect that he had sent the package, and that it had been lost. This evidence does not go to contradict what Erb had previously sworn to in his examination, or to discredit his testimony; they may be reconciled with what he had previously stated, and therefore must be considered as the proof of other facts by competent evidence, notwithstanding they consist of the act or declaration of the same witness who had been previously examined. The deposition of Walls was therefore properly received in evidence.

The other error relied upon is the rejection by the court of Erb, who was offered as a witness on behalf of the defendants, and objected to by the plaintiffs as interested, because he was special bail in the suit. The defendants contend that as Erb had been produced by the plaintiff as a witness, and sworn and examined generally in the cause, the plaintiff could not afterwards question his competency; and in this we think the defendants right. By calling him up and examining him generally as his witness, the plaintiff accredited him as competent and credible, and was afterwards estopped from averring the contrary; just as a paper or deposition which the opposite party had given in evidence on a former trial, becomes evidence against him on a second trial. Maclay *v.* Work, 10 *Serg. & Rawle* 194; Stiles *v.* Bradford, 4 *Rawle* 400. The distinction is between producing and swearing the witness generally, and on his *voir dire.* A party to a cause sworn on his *voir dire* to his book of original entries, cannot be examined generally by the opposite party (without consent), but only to show it was not his book of original entries, or that the entries were not made at the time. Shaw *v.* Levy, 17 *Serg. & Rawle* 99. But it is otherwise when he is sworn in chief; and this very point was decided in Jackson *v.* Varick, 7 *Cowen* 239, where the defendants introduced a devisee to prove the execution of a bond to which his name appeared to be signed as a witness. He was sworn generally as a witness in the cause, and denied that he ever witnessed the bond. The plaintiffs' counsel insisted on cross examining him in support of his right, to which the defendants objected on the ground of his interest as a devisee; but it was held, that having introduced him as a witness, they could not question either his competency or credibility. The court below therefore erred in rejecting Erb when offered by the defendants, and the judgment must be reversed.

Judgment reversed, and a *venire facias de novo* awarded.