WILLIAM A. HARRIS

*vs.*

THOMAS BERRY.

AT LAW.  DECIDED OCTOBER 18TH, 1847.

*Quantum meruit for carpenter's work and labor upon the defend-
ant's house, in Prince George's County, Maryland.  Verdict
for the plaintiff for $1,500.*

On the question whether the plain-
tiff's witness can be cross examined
by the plaintiff to discredit himself
by confessing on oath that he had
made a different and inconsistent
statement of the matter, *held,*

1. The plaintiff cannot, for the pur-
pose of impeaching the general
character of his witness for ver-
acity, give in evidence facts which
would not be admissible upon a di-
rect examination-in-chief.

2. There is no difference in principle
between giving general evidence of
particular facts, the effect of which
is to destroy the general character
of the witness for veracity, and
which would not be admissible for
any other purpose.

Motion for a new trial.

BRENT & BRENT, counsel for the plaintiff; JOSEPH H.
BRADLEY, for the defendant.

The defendant moved the Court for a new trial—

1st. On the ground that the verdict was against the law
and the evidence.

2d. That the Court erred in admitting evidence to go to the jury against the objection of the defendant.

The case appears in the following decision of the Court: This is a motion by the defendant for a new trial on the ground that the Court permitted the plaintiff's counsel, who had been surprised and disappointed by his witness, who testified that certain charges in the plaintiff's account were too high, although he had before examined the account and declared it to be correct and that the amount charged was reasonable; whereupon the plaintiffs counsel asked the witness whether he had not before examined the account and made no objection to the prices charged.

The counsel for the defendant objected that if the witness answered in the affirmative it would not be substantive evidence in the cause, but would only go to the credit of the plaintiff's own witness.

After a long argument the Court permitted the question to be put to' the witness and answered, chiefly upon the authority of Greenleaf on Evidence § 444, and the cases there cited. No bill of exceptions was taken.

The question is whether the plaintiff's witness can be cross-examined by the plaintiff to discredit himself by confessing on oath that he had made a different and inconsistent statement of the matter.

All the cases, therefore, which show that the plaintiff may prove by other witnesses that his first witness is mistaken as to the fact, or that the fact was not as stated by the witness, or that the first witness has contradicted himself, may be laid aside as not applicable to the case.

The first and principal case relied on by the plaintiff's counsel is Wright vs. Beckett, 1 Moody & Robinson, 414, in which the Court, consisting of Lord Chief Justice Denman and Baron Bolland, differed in opinion, so that no order was taken upon the rule to show cause why a mistrial should not be granted upon the ground that the evidence of the plaintiff's attorney, who proved that the plaintiff's witness (Warren) had previously made a different statement incon-

sistent with his testimony at the trial, had been improperly received.

The argument of Lord Denman was to show that it was competent for the plaintiff to prove by other witnesses that the plaintiff's witness, who had surprised the plaintiff by his testimony, had previously made another statement inconsistent with his testimony at the trial. The question between Ch. J. Denman and Baron Bolland was not whether the plaintiff might cross-examine his own witness, and ask him whether he had not previously given a different account of the facts to the plaintiff's attorney, but whether it was not competent for the plaintiff to prove the same thing by other witnesses.

For although the Chief Justice before whom the cause was tried at *nisi prius* had permitted that question to be put to the plaintiff's witness, yet in the subsequent argumen between the Chief Justice and Baron Bolland, no notice is taken of the difference between proving the inconsistent statement of the plaintiff's witness.

When Lord Denman, at *nisi prius*, permitted the plaintiff to ask his witness whether he had before given a different account of the facts, Sergeant Jones objected, on the ground that the obnoxious tendency of the question put by the plaintiff was to discredit his own witness, and he might have said that such was not only the tendency, but the object of the question; for the question was not pertinent to the issue, and the answer could not be received as *substantive* evidence in the cause.

In the cases cited by Ch. J. Denman, in which the party calling a witness attempted to prove by other witnesses, and not by cross-examination of his witness.

The right then of the plaintiff to cross-examine his own witness in such a case rests upon Lord Denman's decision at *nisi prius* in this case, contradicted by the opinion of Baron Bolland, who stated the rule, as it seemed to him to be, "that a party in a cause is not to be permitted to give evidence of a fact for the purpose of discrediting his own

witness, unless such fact is relevant to the issue, and so, *per se* evidence in the cause, such proof is to be allowed to be given, although it may collaterally have the effect of discrediting the testimony of his own witness."

And in p. 432 Baron Bolland said: "With the exception of the opinion of the learned judges in Rex *vs.* Oldroyd, the authorities are uniform in establishing that a party cannot contradict his own witness but by giving evidence of facts bearing upon the issue. It was open to the plaintiff to do so in the present case, but he was not at liberty to prove that his witness (Warner) had previously made a different statement to the attorney, because that was a matter not relevant to the issue in the cause."

Mr. Greenleaf, Vol. 1, § 445, says: "Whether the right of cross-examination, *i. e.*, of treating the witness as the witness of the other party, and of examining by leading questions, extends to the whole case, or is to be limited to the matter upon which he has already been examined in chief, is a point upon which there is some diversity of opinion." This seems to be an admission that he may be cross-examined to the matters upon which he has been already examined in chief. But when the plaintiff asks his own witness whether he has not made a contradictory statement, is that a cross-examination to a matter upon which he has already been examined in chief? If it is, yet it is not upon a matter pertinent to the issue, and therefore comes under the rule mentioned by Baron Bolland.

In § 449 Mr. Greenleaf says: "It is a well-settled rule that a witness cannot be cross-examined as to any fact which is collateral and irrelevant to the issue, merely for the purpose of contradicting him by other evidence, if he should deny it, thereby discredit his testimony; but it is not irrelevant to inquire of the witness whether he has not on some former occasion given a different account of the matter of fact to which he has already testified, in order to lay a foundation for impeaching his testimony by contradicting

him." This applies only to the cross-examination of the witness of the opposite party.

In § 455 he says: "But where the question is not material to the issue, but is collateral and irrelevant, being asked under the license allowed in cross-examination, it stands on another ground. In general, as we have already seen, the rule is that upon cross-examination, to try the credit of a witness, only general questions can be put, and he cannot be asked as to any collateral and independent fact, merely with a view to contradict him afterward by calling another witness." This also applies to the cross-examination of the, witness of the opposite party.

And again he says : " This rule is adhered to even in the cross-examinations of witnesses; the party not being permitted, as will be shown hereafter (§§ 448, 449, 450), to ask the witness a question in regard to a matter not relevant to the issue, for the purpose of afterward contradicting him." In the case of Alexander vs. Gibson, 2 Camp., 555, the plaintiff called another witness to contradict the testimony of his first witness. The question was not made as to the right of the plaintiff to cross-examine his own witness and so to discredit him.

Starkie, 1842, Vol. 1, p. 211, says: " The credit of a witness may be impeached, either by cross-examination, subject to the rules already mentioned, or by general evidence affecting his credit, or by evidence that he has before done or said that which is inconsistent with his evidence as to facts themselves." This also refers to adversary witnesses. " It is perfectly well settled that the credit of a witness can be impeached by general evidence only, and not by evidence as to particular facts not relevant to the issue, for this would cause the inquiry, which ought to be single and confined to the matter in issue, to branch out into an indefinite number of issues." Questions put to the witness himself upon cross-examination, are not, it may be observed, open to this objection, since his answer is conclusive as to all collateral matter, i. e., matters not pertinent to the issue. " In the

next place the witness may be contradicted by others who represent the fact differently or by proof that he has said or written that which is inconsistent with his present testimony." This also refers to adversary witnesses.

In page 216 he says: "And even where a witness by surprise gives evidence against the party who called him, that party will not be precluded from proving his case by other witnesses." In the case of Alexander *vs.* Gibson, before cited, it was held that the party might contradict his own witness by proving a material fact relevant to the issue.

In pages 216, 217, Mr. Starkie says: "Doubt has been entertained whether it be competent to a party to impeach the testimony of his own witness as to a particular fact by proof that on a former occasion he gave a different account, and so to contradict him by his own statement;" and, further, he says: "It is difficult to come to the conclusion that the party having called the witness is, as it were, estopped from afterward so impeaching his credit." And, again, Mr. Starkie says, in page 215: "The ordinary rules as to the examination of an adverse witness, supply an analogy in favor of the affirmation of the witness is apparently an adverse one."

From all of these remarks of Mr. Starkie it seems that his opinion is that it is competent to a party to discredit his own witness by proving upon the party's cross-examination of his witness that he had previously made a different statement of the fact.

It seems also to be the opinion of Mr. Greenleaf that it is competent for a party to prove that a witness whom he had called, and whose testimony is unfavorable to his cause had previously stated the facts in a different manner.

In Dunn *vs.* Aslett, 2 Moody & Rob., 122, Lord Denman, Ch. J., said: "In Wright *vs.* Beckett I expressed an opinion, formed after much consideration, that the plaintiff might show that the witness had given a different account of the matter; by which different account he had been induced to call him. I remain of that opinion, and I think

on the same principle a party calling a witness may examine him as to any fact tending to show he has been induced to betray that party." ,

In Rex *vs.* Oldroyd, Russell & Ryan, Crown Cases, 65, the witness was not called by the prosecutor, and therefore was not his witness.

In Ewer *vs.* Ambrose, 3 B. & C., 746, it was held that if the witness of the party disappoints him he may prove his case by other witnesses to discredit him generally. It could only go to discredit the witness as to a particular fact relevant to the issue, to wit, the existence of the partnership.

In Bradley *vs.* Ricardo, 8 Bing., 57, it was decided that "where a party being surprised by a statement of his own witness calls other witnesses to contradict him as to a particular fact, the whole of the testimony of the contradicted witness is not therefore to be repudiated by the Judge."

In Holdsworth *vs.* Mayor of Dartmouth, 2 Moody & Rob., 153, at *nisi prius* before Parke, B., he refused to permit the defendant to discredit his own witness by proving that the witness had made to the attorney a different and contradictory statement. Parke, B., said: "Upon consideration I think the evidence inadmissible. My doubt at first was whether, as the fact was elicited in cross-examination, the witness was not made for the purpose the witness of the plaintiff; and whether, as to this particular fact, not asked in chief, the party calling him might not show he had given a different account. I never had any doubt but that the opinion of Brother Bolland was right in the case cited (Wright *vs.* Beckett), if this fact were asked to in the examination-in-chief; no, by calling the witness you take him for better and for worse, and must not throw discredit on him. I am now satisfied that it makes no difference that the fact is elicited upon cross-examination. The effect and object of the evidence is to discredit the witness. It goes to his general credit to show that he has given a different account of the matter before, and it is a clear rule that a party has no right to put a witness into the box as a witness

of credit, and when he gives unfavorable evidence to call testimony to discredit him."

In Winter *vs.* Butt, 2 Mood & Rob., 357, a witness called for the plaintiff failed to prove the facts expected, and on cross-examination stated very important facts for the plaintiff. Crowder, for the plaintiff, in re-examination proposed to ask her as to a statement she made to the plaintiff's attorney. This was objected to, and Wright *vs.* Beckett was mentioned.

Erskine, J.—" I am decided of opinion that you cannot ask the question. Mr. Baron Parke has, I know, so ruled, 2 Moody & Rob., 133, and I recollect ruling the same way myself on the Oxford Circuit, with the approbation of Justice Patterson, whom I consulted; and I have since talked with several of the judges on the point, and find they are generally of the opinion that Mr. Baron Parke's decision is right."

In DeLisle *vs.* Priestman, 1 Browne, 182, although the witness was called for the plaintiff, it was competent to the plaintiff to prove he was mistaken in any part of his evidence by calling other witnesses to rectify the mistake, or to swear that on other occasions he had related " the story in a different manner. There it would seem that the mistake was of an important matter relevant to the issue.

In Queen *vs.* State of Maryland, 5 Har. & J., 232, the prosecutor was permitted by the County Court (Chase, Ch. J., and Ridgley, J.,) to give evidence that his witness had made a contradictory statement to impeach his credit, but that point was not decided, because, as a bill of exceptions would not lie in a criminal case, the Court said the question was not regularly before them, and they can only say, " If a similar point had been presented to them they would have given a different decision."

In Cowden *et al. vs.* Reynolds, 12 Serg. & R., 283, it was decided that where a party is obliged to call a subscribing witness, he may contradict him as to a particular fact showing that he had told a different story at another time; the ques-

tion did not go to impeach his general character for veracity, but only as to a fact pertinent to the issue.

In Brown *vs.* Bellows, 4 Pick., 194, the witness was called by the plaintiff from the necessity of the case, he being a subscribing witness, and the Court permitted the plaintiff by another witness to disprove the fact which his witness had stated.

In Jackson *vs.* Lesk, 12 Wend., 106–8, the plaintiff, being disappointed by his witness, was permitted to prove his case by other witnesses. And Savage, Ch. J., said that "the plaintiff, by disproving the facts sworn by his witness Wooley, did not violate the rule which prevents a party from discrediting his own witness. He did not attack the character of Wooley, but proved the facts to be different from those stated by Wooley. This he was at liberty to do. If this plaintiff calls the subscribing witness to an instrument, who disproves it, the plaintiff may prove it by other witnesses."

In Stockton & Stokes *vs.* Demuth, 7 Watts, 39, the Supreme Court of Pennsylvania held that a party will be permitted to impeach the character or testimony of his own witness by other testimony necessarily tending to that effect and for that purpose; but having called a witness who disproved his case, he is not thereby precluded from resorting to other evidence to support it. And that a party, by calling and examining a witness accredits him as competent and credible, and is estopped from averring the contrary. In delivering the opinion of the Court, Sergeant, J., said: "It seems to be a principle of law that a party cannot discredit the testimony of his own witness and show his incompetency, for it would be unfair that he should have the benefit of the testimony if favorable, and to be able to reject it if the contrary. When, however, the party is under the necessity of calling a witness for the purpose of satisfying the formal proof which the law requires, he is not precluded from calling other witnesses who may give contradictory testimony, as in the case of Lowe *vs.* Jolliffe, 1 W. Bl.,

365. It would seem, however, that he cannot contradict his witness by adducing any act or declaration of this witness himself of a contrary tenor," " because its only effect would be to impeach the credibility of the witness," although it was competent to the party to prove the fact by other witnesses.

In Brown *vs.* Osgood, Law Reporter, 118, July, 1846, the plaintiff had taken and filed a deposition and the witness was cross-examined by the plaintiff. The defendant declined using it; the plaintiff was compelled to use it to prove certain facts brought out by the cross-examination. The deposition proved a fact necessary for the defence. The Supreme Judicial Court of Maine decided that the cross-examination must be considered as the examination-in-chief, and that the plaintiff had a right to offer evidence to disprove that fact, by showing that the witness was mistaken.

In Regina *vs.* Ball, 8 Car. & P., 74, *anno* 1839, Erskine, J., at Stafford Assizes, said : " You cannot put in evidence for the purpose of discrediting your own witness. You may call other witnesses to disprove the fact denied by this witness, and incidentally contradict her and show her to be unworthy of credit, but you cannot call a witness to give evidence not otherwise admissible, for the purpose of discrediting your own witness.

In Regina *vs.* Farr, 8 Car. & P., 768, the prosecutor stated that he had other witnesses to prove that the statement made by his witness was not true, and proposed to cross-examine his own witness. Patterson, J.: " I cannot allow you to do that; he is your witness, and you must treat him as such."

In the case of U. S. *vs.* Jones, 3 Wash. C. C., 210, the marginal note says : "A party cannot discredit his own witness by proving that on a former occasion he swore differently from what he now sworn. *Quere,* whether under some circumstances there be an exception to the rule." (But such a decision is not found in the text of the report.)

Mr. Bradley, for the defendant, contends that a party.

cannot give evidence contradictory to the testimony of his own witness, unless by proving facts which would be substantive evidence pertinent to the issue, if offered in the examination-in-chief.

The question arising from the proceedings in this cause, and upon the motion for a new trial, is, I think, brought down to this: Whether according to the established rules of evidence it is competent for the plaintiff, whose witness has disappointed him in his testimony, to cross-examine his own witness as to matters not pertinent to the issue, (and which could not be given in evidence upon a direct examination-in-chief,) for the sole purpose of discrediting his own witness.

The authorities cited in support of the affirmative of this question are:

Lord Ch. J. Denman, in Wright *vs*. Beckett, 1 Moody & Rob., 414. That opinion, however, is no authority, because the Court, consisting of two judges only, Lord Denman and Baron Bolland, differed in opinion, and the point was not decided. Lord Denman admitted that " others of great weight and authority" differed from him in opinion. He cited the following passage from Buller's Nisi Prius, 297: "A party never shall be permitted to produce general evidence to discredit his own witness, for that would be to enable him to destroy the witness if he spoke against him, and to make him a good witness if he spoke for him, with the means in his hands of destroying his credit if he spoke against him. But if a witness proves facts in a cause which makes against the party who called him, yet he may call other witnesses to prove that those facts were otherwise; for such facts are evidence in the cause, and the other witnesses are not called directly to discredit the first witness; but the impeachment of his credit is incidental and consequential only." But he did not consider that authority applicable to the case then before him.

The opinion of Baron Bolland is sustained by Justices Bayley, Oldroyd and Littledale in Ewer *vs*. Ambrose, 3

Barn. & C., 746; by Parke, Baron, in Holdworth *vs.* Mayor of Dartmouth, 2 Moody & Rob., 153; by Patterson, J., so stated by Erskine, J., in Winter *vs.* Butt, who also said that he had since talked with several of the other judges on the point, and find they are generally of opinion that Mr. Baron Parke's decision is right, and by Erskine, J., in Winter *vs.* Butt, 2 Moody & Rob., 357.

The decision of Lord Ch. J. Denman in Wright *vs.* Beckett, 1 Moody & Rob., 414, permitting the plaintiff's counsel to cross-examine his own witness by asking him "whether he had not given a different account of the facts to the plaintiff's attorney two days before," is not supported by the cases cited. The question is not whether the plaintiff may contradict his own witness by proving facts pertinent to the issue, and which would be substantive evidence in the cause, but whether he shall cross-examine his own witness as to a fact not relevant to the issue (and which could not be permitted to be given in evidence in the cause,) merely to throw a general discredit over the witness. This would not be permitted to be done by the counsel for the defendant and *a fortiori* should not be permitted to be done by the counsel for the plaintiff. 1 Starkie Ev., 211, (Ed. 1842).

In Alexander *vs.* Gibson, 2 Campbell, 555, the plaintiff called another witness to contradict his first witness on a point material to the issue.

In Rex *vs.* Oldroyd, Russ. & Ryan, Crown Cases, 65, the witness was not called by the prosecution, and therefore was not his witness, and was not within the rule; the judge called the witness *ex more motor*, and the question was whether he had a right to do so, and having done so whether he could call for the witness' deposition contradicting her testimony on the trial. The Court held that he could, and the reporter says Lord Ellenborough and Mansfield, Ch. J., thought the prisoner had the same right; but it is not stated whether the contradiction was in a matter pertinent to the issue.

In Bradley *vs.* Ricardo, 8 Bing., 57, it was decided that

the whole of the testimony of a witness is not to be rejected because a part of it is disproved by other witnesses, and the Court adhered to the rule as laid down in Buller's *nisi prius.*

From consideration of all the cases and authorities cited I think the rule to be inferred is:

" That the plaintiff can not, for the purpose of impeaching the general character of his witness for veracity, give in evidence facts which would not be admissible upon a direct examination-in-chief."

There is no difference in principle between giving general evidence of particular facts, the effect of which is to destroy the general character of the witness for veracity, and which would not be admissible for any other purpose.

We think there should be a new trial.

Delivered *nem. con.*