# PATAPSCO LOAN COMPANY OF BALTIMORE CITY, A CORPORATION, AND CHARLES W. HART,

*vs.*

## REZIN G. HOBBS.

*Verdicts: excessive; question for trial court. Evidence: given at a former trial; read by agreement.*

A trial Court is the exclusive tribunal to pass upon an alleged excessiveness of the verdict, and the question can not be raised on appeal. p. 227

Without the agreement of the parties, it is error to read to the jury the evidence of a witness as it is printed in the record for the Court of Appeals at a former trial of a case growing out of the same facts and between the same parties. pp. 228-229

But where there is such an agreement, reading it to the jury with the testimony is not an error. p. 229

*Decided March 6th, 1919.*

Appeal from the Superior Court of Baltimore City. (DAWKINS, J.)

The facts are stated in the opinion of the Court.

The following is the declaration which the Court directed to be included in the report of the case:

### DECLARATION.

Rezin G. Hobbs, plaintiff, by William W. Varney, his attorney, sues the Patapsco Loan Company of Baltimore City, a body corporate, and Charles W. Hart, defendants:

For that before and at the time of the happening of the wrongs and grievances hereinafter complained of, the plaintiff and his wife, Mignonette K. Hobbs, were in lawful possession and occupancy of premises in the dwelling house known as No. 1115 West Mulberry street, in the City of Baltimore. That heretofore, to wit, on or about the second day of February, in the year nineteen hundred and fifteen, at the premises aforesaid, the defendant, the Patapsco Loan Company of Baltimore City, did by means of its agent and servant, acting in the scope of his employment, and the defendant, the said Charles W. Hart, did on said day and at said place, without permission and with force and arms break into and did forcibly and violently enter, and cause and procure to be entered, the plaintiff's premises then and there situate, and did then and there assault the plaintiff's wife, the said Mignonette K. Hobbs, she, the plaintiff's said wife, being then and there ill in bed. That by reason of such acts of the defendants and each of them, and said agent and servant so acting within the scope of his employment, the said Mignonette K. Hobbs was caused to suffer a serious and permanent impairment of and injury to her nervous system, has been caused to suffer great physical pain and mental anxiety, and was rendered so ill as to be unable to attend to her ordinary household duties, or to render any aid or assistance to the plaintiff, her husband, as theretofore; whereby the plaintiff has lost the benefit and advantage of the services and society of his wife, the said Mignonette K. Hobbs, has been caused to expend large sums of money for her medical care, attention and services, and has been otherwise injured and damaged.

### *Second Count.*

And for a second count the plaintiff says:

For that, before and at the time of the happening of the wrongs and grievances hereinafter complained of, the plaintiff and his wife, Mignonette K. Hobbs, were in lawful pos-

session and occupancy of premises in the dwelling house known as Number 1115 West Mulberry street, in Baltimore City; that heretofore, to wit, on or about the second day of February, in the year nineteen hundred and fifteen, at the premises aforesaid, the defendant, the Patapsco Loan Company of Baltimore City, did by means of its agent and servant acting within the scope of his employment, and the defendant, the said Charles W. Hart, did on said day and at said place, without permission and with force and arms break into and did forcibly and violently enter, and cause and procure to be entered, the plaintiff's premises then and there situate, the plaintiff's wife, the said Mignonette K. Hobbs, being then and there ill in bed, and the said defendant and said agent and servant so acting within the scope of his employment, did then and there create such violent noise and commotion, and did by his action so frighten the plaintiff's wife, the said Mignonette K. Hobbs, by such conduct of said defendant, agent and servant, that she thereby suffered a serious impairment of and injury to her nervous system, has been caused to suffer great physical pain and mental anxiety, and was rendered so ill as to be unable to attend to her ordinary household duties, or to render any aid or assistance to the plaintiff, her husband, as theretofore, whereby the plaintiff has lost the benefit and advantage of the services and society of the said Mignonette K. Hobbs, his wife, has been caused to expend large sums of money for medical care, attention and service, and is otherwise injured and damaged.

## Third Count.

And for a third count the plaintiff says:

For that heretofore, to wit, on or about the second day of February, 1915, the plaintiff's wife, Mignonette K. Hobbs, was ill in bed in the room lawfully occupied by her in the premises known as 1115 West Mulberry street, in Baltimore City, recovering from a recent serious operation; that the defendant, the Patapsco Loan Company, through its agent and servant, acting within the scope of his employment, and the said Charles W. Hart, individually, did, on said date, whilst the plaintiff's wife was ill as aforesaid, enter said room, against the protest of the plaintiff's wife, her agents and servants in the premises; that then and there it became and was the duty of the defendant's

agent and servant and the said Charles W. Hart individually, in the premises, whilst in said room of the plaintiff's wife, and being aware of her condition, or should have been aware of her condition by the exercise of ordinary care and caution, to conduct himself in a careful, orderly and proper manner so as not to cause injury to the plaintiff's said wife; that said agent and servant of the defendant, and said Charles W. Hart, individually, in neglect and default of said duty in the premises, did not conduct himself in a careful, orderly and proper manner, but did by his unwarranted and threatening words and actions so terrify and shock the plaintiff's said wife, the said Mignonette K. Hobbs, in her then weakened condition, that she was caused to suffer great physical pain and mental anguish, has suffered a serious and permanent impairment of her health, and was rendered so ill as to be unable to attend to her ordinary household duties, or to render any aid or assistance to the plaintiff, her husband, as theretofore; whereby the plaintiff has lost the benefit and advantage of the services and society of his wife, the said Rezin G. Hobbs, has been caused to expend large sums of money for her medical care, attention and services, and has been otherwise injured and damaged.

And the plaintiff says that the injuries to his said wife aforesaid were directly caused by the negligence and want of care of the defendants, and each of them, and their agent and servant in the premises, and without negligence or want of care upon the part of the plaintiff's said wife directly thereunto contributing, wherefor this suit is brought.

The cause was argued before BOYD, C. J., BURKE, BRISCOE, THOMAS, PATTISON, URNER and CONSTABLE, JJ.

*Robert F. Leach, Jr.,* and *George W. Cameron,* for the appellants.

*William W. Varney* and *R. E. Kanode,* for the appellee.

BURKE, J., delivered the opinion of the Court.

This is an appeal from a judgment for thirteen hundred dollars entered in the Superior Court of Baltimore City in

the suit of Rezin G. Hobbs against The Patapsco Loan Company of Baltimore City, a corporation, and Charles W. Hart. The suit was brought to recover damages for wrongs and injuries alleged to have been committed against the wife of the plaintiff, Mignonette K. Hobbs, whereby the plaintiff was deprived of the services and society of his wife and was subjected to the expenditure of large sums of money for her medical care and attention.

Mrs. Hobbs, the wife, had previously recovered a judgment against the same defendants for the identical wrongs committed against her, and that judgment on appeal was affirmed by this Court in 129 Maryland, 9. As the pleadings and many of the facts in that case are practically identical with those contained in this record, and were fully discussed by JUDGE BRISCOE, who delivered the opinion in that case, there is no necessity of restating them in this opinion. The *Reporter,* however, will set out the declaration in the report of the case. Some of the principles of law applicable to this case were also established in the former case. It is sufficient to say that the plaintiff offered abundant evidence tending to support the second and third counts of the declaration, viz, that the plaintiff's wife was ill and confined to her bed in her home, No. 1115 West Mulberry street, on the 2nd day of February, 1915, and that on that day Charles W. Hart, one of the defendants and an agent of The Patapsco Loan Company, the other defendant, acting within the scope of his employment, without the permission and against the protest of the wife of the plaintiff, forced his way into her room, and, whilst aware of her condition, by threatening words and actions so terrified and shocked her that she was caused to suffer great physical pain and mental anguish and thereby suffered a serious and permanent impairment of her health, and was rendered so ill as to be unable to attend to her ordinary household duties, or to render any aid or assistance to the plaintiff.

The plaintiff further offered evidence tending to prove that he was obliged to employ domestic help to do the work

formerly done by his wife and which she was rendered unable to do by reason of the acts of the defendants. He further offered evidence tending to prove that as a result of the wrongs complained of in the declaration his wife was obliged to undergo two surgical operations and that he was subjected to large expense.

The appellants complained that the verdict of the jury was greatly in excess of the loss suffered by the plaintiff. But that is a matter which this Court can not pass upon. The record shows that the defendants filed a motion for a new trial which "the Court granted on terms," viz, that the plaintiff would remit five hundred dollars, and that the defendants would waive their right of appeal. The plaintiff did signify his willingness to remit that amount, but the defendants declined to waive an appeal, and final judgment on the verdict was entered. The lower Court was the exclusive tribunal to pass upon the alleged excessiveness of the verdict, and the defendants having declined to accept its judgment upon that question, they can not urge it here, because this Court has no jurisdiction to determine it.

During the course of the trial the defendants reserved three exceptions to rulings on evidence and one to the action of the Court on their prayers. As the rulings on the prayers present the important questions in the case, they will be first considered. The defendants' first prayer, as offered, was properly refused, as it denied a recovery unless the jury found that the defendant Hart assaulted Mrs. Hobbs. This prayer ignored the second and third counts of the declaration, and the evidence offered in support thereof which, if believed by the jury, would have entitled the plaintiff to recover irrespective of an assault. *Patapsco Loan Co.* v. *Hobbs, supra.*

The Court modified this prayer. The modified prayer, in effect, told the jury that they must find for the defendants unless they found that Charles W. Hart, an officer and agent of the Loan Company, entered the room of Mrs. Hobbs without her permission and against her wishes, and while there "by his action and conduct injured the said Mignonette K.

Hobbs and caused her physical or mental pain and suffering." We find no error in this instruction, for unless the plaintiff's wife was injured by the acts and conduct of the defendants as alleged in the declaration, the plaintiff would have no right of recovery. It was a proper prayer to have been granted on behalf of the defendants under the second and third counts of the declaration.

The second prayer of the defendants was granted, and their third was refused. The rejected prayer had reference to the charges made by the physician for services rendered Mrs. Hobbs, and instructed the jury that they were at liberty "to decide what portions, if any, of those services were for conditions not brought about or occasioned by the defendants." There was no charge made by the physician for services prior to February 2, 1915, and the evidence is positive and uncontradicted that the charges were for conditions produced by the wrongs sued for.

There remains for consideration the exceptions to testimony. Mrs. William E. Kolb, a nurse, was a witness for Mrs. Hobbs in her suit against the defendants and her testimony appeared in the record of the case reported in 129 Md. referred to above. Counsel for the parties in this case entered into a written agreement, which appears in the record, whereby it was agreed "that her said testimony may be read to the jury in this case as her testimony, the same being read from the printed record of said case in the Court of Appeals of Maryland, now in the hands of either attorney." In pursuance of that agreement, the Court, over the objection of the defendants, permitted the plaintiff to read to the jury the testimony of Mrs. Kolb from the printed record in the case mentioned. No authority was cited, nor have we found any to show that it was error in the Court to do what the parties had agreed might be done. The Court then overruled an objection to the offer to read the agreement mentioned to the jury. Unless it had appeared that such a stipulation had been entered into, the reading of Mrs. Kolb's testimony from

the record in the former case would have been error, and it was, therefore, proper to show the authority or reason for its admission.

Mrs. Kolb was called by the defendants, and during her examination was asked a question, the object of which, as stated in the brief for the defendants, "was to discredit her." The Court sustained an objection to the question, and this constitutes the third exception. In 2 *Poe on Pl. & Pr.,* sec. 273, it is said: "Where a party calls a witness he necessarily vouches for his general character and credibility; and accordingly, the general doctrine is well established that he is not at liberty to assail or impeach the credit or character, which he has represented as worthy of belief. This principle was announced and applied in *Queen* v. *State,* 5 H. & J. 232; *Franklin Bk.* v. *Steam. Nav. Co.,* 11 G. & J. 36; *B. & O.* v. *State, Use of Woodward,* 41 Md. 268, and many other cases. The record, however, shows that the witness answered the question. We do not find that any error of law was committed by the lower Court, and the judgment will be affirmed.

*Judgment affirmed, with costs.*